Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
Chunming Wang,
Xian Qing Ye, and
Ruiyan Liu,

                                                        Civil Action No.

                      Plaintiffs,
          v.

                                                         **COMPLAINT**

JFD Sushi Restaurant Inc. d/b/a
Tenzan 89 Japanese Cuisine,
JFD Management Inc.,
Teng Fei Restaurant Group Inc. d/b/a
Tenzan 89 Japanese Cuisine,
Liguang Lin a/k/a Li Guang Lin a/k/a Liguang L Lin,
Jing Lin,
Fei Teng a/k/a Fei F Teng,
Yong Chen Teng,
"John" Chen, and
"John" Shi

                    Defendants.
---------------------------------------------------------------x

Plaintiff, Chunming Wang, Xian Qing Ye, and Ruiyan Liu, by their undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against the defendants JFD Sushi Restaurant Inc. d/b/a Tenzan 89 Japanese Cuisine, JFD Management Inc., Teng Fei Restaurant Group Inc. . d/b/a  Tenzan 89 Japanese Cuisine, Liguang Lin a/k/a Li Guang Lin a/k/a

Liguang L Lin, Jing Lin, Fei Teng a/k/a Fei F Teng, Yong Chen Teng, "John" Chen, and "John" Shi (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Chunming Wang, ("WANG") is an individual resident of the City and State of New York, with a residence located in New York.

7. Plaintiff Xian Qing Ye ("YE") is an individual resident of the City and State of New York, with a residence located in New York.

8. Plaintiff Ruiyan Liu ("LIU") is an individual resident of the City and State of New York, with a residence located in New York.

9. Upon information and belief Defendant JFD Sushi Restaurant Inc. d/b/a Tenzan 89 Japanese Cuisine ("JFD SUSHI") is a domestic corporation located at 1714 2nd Avenue, New York, NY 10128.

10. At relevant times, defendant JFD SUSHI has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, defendant JFD SUSHI has had gross revenues in excess of $500,000.00.

12. Upon information and belief, at relevant times herein, JFD SUSHI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13. Upon information and belief, at relevant times, defendant JFD SUSHI has constituted an "enterprise" as defined in the FLSA.

14. Defendant JFD SUSHI was an employer of Plaintiffs.

15. Upon information and belief Defendant JFD Management Inc. ("JFD MANAGEMENT") was a domestic corporation located at 1714 2nd Avenue, New York, NY 10128

16. At relevant times, defendant JFD MANAGEMENT has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all relevant times, defendant JFD MANAGEMENT has had gross revenues in excess of $500,000.00.

18. Upon information and belief, at relevant times herein, defendant JFD MANAGEMENT has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

19. Upon information and belief, at relevant times, defendant JFD MANAGEMENT has constituted an "enterprise" as defined in the FLSA.

20. Upon information and belief defendant JFD MANAGEMENT was an employer of Plaintiffs.

21. Upon information and belief defendant JFD MANAGEMENT is a continuation and/or successor and/or alter ego of JFD SUSHI.

22. Upon information and belief the assets, employees, location, equipment, and business of JFD SUSHI were transferred and/or intermingled with that of JFD MANAGEMENT.

23. Upon information and belief, the transfer and/or intermingling from JFD SUSHI to JFD MANAGEMENT was for zero consideration.

24. Upon information and belief, the business of JFD SUSHI and JFD MANAGEMENT were the same, and produced the same products.

25. Upon information and belief, the transfer from JFD SUSHI to JFD MANAGEMENT was entirely fraudulent and/or to escape obligations.

26. Upon information and belief Defendant Teng Fei Restaurant Group Inc. . d/b/a Tenzan 89 Japanese Cuisine. ("TENG FEI") was a domestic corporation located at 1714 2nd Avenue, New York, NY 10128

27. At relevant times, defendant TENG FEI has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, defendant TENG FEI has had gross revenues in excess of $500,000.00.

29. Upon information and belief, at relevant times herein, defendant TENG FEI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

30. Upon information and belief, at relevant times, defendant TENG FEI has constituted an "enterprise" as defined in the FLSA.

31. Upon information and belief defendant TENG FEI was an employer of Plaintiffs.

32. Upon information and belief defendant JFD SUSHI is a continuation and/or successor of TENG FEI.

33. Upon information and belief the assets, employees, location, equipment, and business of TENG FEI were transferred to JFD SUSHI.

34. Upon information and belief, the business of JFD SUSHI and TENG FEI were the same, and produced the same products.

35. Upon information and belief Defendant Liguang Lin a/k/a Li Guang Lin a/k/a Liguang L Lin ("L LIN") is an individual who is an owner or part owner, manager, and principal of defendant JFD SUSHI and JFD MANAGEMENT, who

has the power to hire and fire employees, set wages and schedules, and maintain their records.

36. Upon information and belief, defendant L LIN was involved in the day-to-day operations of defendant JFD SUSHI and JFD MANAGEMENT and played an active role in managing the business.

37. Upon information and belief Defendant Jing Lin ("J LIN") is an individual who is an owner or part owner, manager, and principal of defendant JFD SUSHI and JFD MANAGEMENT, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

38. Upon information and belief J LIN is related to L LIN.

39. Upon information and belief, defendant J LIN was involved in the day-to-day operations of defendant JFD SUSHI and JFD MANAGEMENT and played an active role in managing the business.

40. Upon information and belief Defendant Fei Teng a/k/a Fei F Teng ("F TENG") is an individual who is an owner or part owner, manager, and principal of defendant TENG FEI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

41. Upon information and belief, defendant F TENG was involved in the day-to-day operations of defendant TENG FEI and played an active role in managing the business.

42. Upon information and belief Defendant Yong Chen Teng ("Y TENG") is an individual who is an owner or part owner, manager, and principal of defendant

TENG FEI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

43. Upon information and belief, defendant Y TENG was involved in the day-to-day operations of defendant TENG FEI and played an active role in managing the business.

44. Upon information and belief Y TENG is related to F TENG.

45. Upon information and belief Defendant "John" Chen ("CHEN") is an individual whose first name is unknown who is an owner or part owner, manager, and principal of defendant JFD SUSHI, JFD MANAGEMENT, and/or TENG FEI who has the power to hire and fire employees, set wages and schedules, and maintain their records.

46. Upon information and belief, defendant CHEN played an active role in managing the business.

47. Upon information and belief Defendant "John" Shi ("SHI") is an individual whose first name is unknown who is an owner or part owner, manager, and principal of defendant JFD SUSHI, JFD MANAGEMENT, and/or TENG FEI who has the power to hire and fire employees, set wages and schedules, and maintain their records.

48. Upon information and belief, defendant SHI played an active role in managing the business.

49. Defendants are employers within the meaning of the FLSA and New York Labor Law.

50. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

51. Corporate Defendants run and/or ran a restaurant located at 1714 2nd Avenue, New York, NY 10128.

52. Defendant JFD SUSHI is the continuation and/or successor of TENG FEI.

53. Defendant JFD MANAGEMENT is the continuation and/or successor and/or alter ego of JFD SUSHI.

54. Defendants JFD SUSHI, JFD MANAGEMENT, and TENG FEI occupy the same premises, used the same employees, produce the same kind of product, and use the same equipment.

55. Plaintiff WANG was employed primarily as an delivery person at the restaurant, and whose primary tasks consisted of delivering food for the restaurant, taking out the trash, moving tables, transferring sauce into small containers, chopping vegetables for salads, and moving inventory and supplies around the restaurant.

56. Plaintiff YE was employed primarily as an delivery person at the restaurant, and whose primary tasks consisted of delivering food for the restaurant, taking out the trash, moving tables, transferring sauce into small containers, chopping vegetables for salads, and moving inventory and supplies around the restaurant.

57. Plaintiff LIU was employed primarily as an delivery person at the restaurant, and whose primary tasks consisted of delivering food for the restaurant, taking out the trash, moving tables, transferring sauce into small containers, chopping vegetables for salads, and moving inventory and supplies around the restaurant.

58. Plaintiffs work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities

**WANG**

59. Plaintiff WANG was employed by Defendants from approximately February 2017, to January 18, 2022.

60. There was a gap in employment of approximately March 15, 2020 to May 18, 2020 due to the pandemic.

61. There was an additional gap in employment from approximately August 2020 to February 2021 due to injury.

62. Plaintiff WANG was normally scheduled to work, during the time period of when he started to around the end of 2018, was Saturday and Sunday from 11:30am to 10:00pm, and Tuesday, Wednesday, Thursday, and Friday from 10:30am to 10:00pm. For a total of 67 hours per week, working 6 days per week.

63. Plaintiff WANG was normally scheduled to work, during the time period of around the end of 2018 to when he resumed employment in February 2021, was Saturday and Sunday from 11:30am to 10:00pm, and Tuesday, Thursday, and Friday from 10:30am to 10:00pm, and Wednesday from 5:00pm to 11:00pm. For a total of 63.5 hours per week, working 6 days per week.

64. Plaintiff WANG was normally scheduled to work, during the time period of around February 2021 to when his employment ended, was Sunday from 11:30am to 10:00pm, and Tuesday, Wednesday, Thursday, and Friday from 10:30am to 10:00pm. For a total of 56.5 hours per week, working 5 days per week.

65. There was supposed to be a 1 hour break each full day worked, but WANG was required to work during a significant portion of this break time each day, such that it was effectively not a break at all.

66. Plaintiff WANG was paid once per month, usually around the 2nd or 3rd day of the month.

67. Plaintiff WANG was paid $50 for each full day worked and $25 for each part day or "half day" worked.

68. Plaintiff WENG was paid mostly in cash, however he did receive a few payments in the form of check.

**YE**

69. Plaintiff YE was employed by Defendants from approximately October 2018, to July 15, 2021.

70. There was a gap in employment from approximately March 15, 2020 to May 18, 2020 due to the pandemic.

71. Plaintiff YE was normally scheduled to work, for the first two (2) months of employment, Sunday from 12:00 pm to 11:00pm and Friday from 11am to 11pm. For a total of 23 hours, working 2 days per week.

72. After the first two months, Plaintiff YE's schedule changed to Sunday from 5:00pm to 11:00pm, Monday, Tuesday, Wednesday, and Friday, from 11:00am to 10:30pm, and Saturdays from 12:00 pm to 10:30pm. For a total of 62.5 hours, working 6 days per week.

73. There was supposed to be a 1 hour break each full day worked, but YE was required to work during a significant portion of this break time each day, such that it was effectively not a break at all.

74. Plaintiff YE was paid once per month, usually around the 2nd or 3rd day of the month.

75. Plaintiff YE was paid $50 for each full day worked and $25 for each part day or "half day" worked.

76. Plaintiff YE was paid in cash.

**LIU**

77. Plaintiff LIU was employed by Defendants from approximately September 2017, to June 2019.

78. Plaintiff LIU was normally scheduled to work Monday, Tuesday, Thursday, and Friday, from 11:00am to 12am, and Wednesdays and Saturdays from 5:00 pm to 12:00am. For a total of 69 hours, working 6 days per week.

79. There was supposed to be a 1 hour break each full day worked, but LIU was required to work during a significant portion of this break time each day, such that it was effectively not a break at all.

80. Plaintiff LIU was paid once per month, usually around the 2nd or 3rd day of the month.

81. Plaintiff LIU was paid $50 for each full day worked and $25 for each part day or "half day" worked.

82. Defendants did not pay Plaintiffs minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

83. Defendants' failure to pay Plaintiffs an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

84. In addition, Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

85. Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

86. Defendants did not provide Plaintiffs with proper wage stubs of hiring statements as required by law.

87. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, Plainitff's regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

88. Defendants failed to provide Plaintiffs with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

89. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

90. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

91. At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

92. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

93. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

94. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

95. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**(New York Labor Law – Minimum Wage)**

96. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

97. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

98. Defendants willfully violated Plaintiffs' rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

99. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

100. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(Fair Labor Standards Act - Overtime)**

101. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

102. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

103. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs for hours they worked in excess of forty hours per workweek.

104. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

105. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

106. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

107. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

108. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

109. Defendants willfully violated Plaintiffs' rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of

the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

110. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

111. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

112. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

113. At all relevant times, Plaintiff were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

114. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

115. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

116. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

117. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

118. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

119. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

120. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

121. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

122. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT VII

**(Breach of Implied Contract for Reimbursement of all Costs and Expenses of Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiffs)**

123. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

124. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

125. Plaintiffs had actual "out-of-pocket" vehicle related expenses.

126. Plaintiffs spent approximately $3,000 per year on repair and/or replacement of electrical bicycle and batteries for the electric bicycle, to do delivery work at Defendants business.

127. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

128. Plaintiffs purchased, maintained and repaired the bicycle and electric bicycles at their own expense.

129. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

130. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

131. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

132. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the vehicle.

133. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

134. Defendants owe Plaintiffs their overdue costs of delivery vehicles and maintenance of the vehicles.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. Compensatory damages for Plaintiff's vehicles related expenses;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
       May 20, 2022

                                      Respectfully submitted,

                                      /s/Vincent S. Wong
                                      Vincent S. Wong, Esq. (VW9016)