UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUNMING WANG, XIAN QING YE, AND
RUIYAN LIN, and SHOU LE CHEN,

                                   Plaintiffs,

                    -against-

JFD SUSHI RESTAURANT INC. d/b/a TENZAN89
JAPANESE CUISINE, JFD MANAGEMENT INC.,
TENG FEI RESTAURANT GROUP INC. d/b/a
TENZEN 89 JAPANESE CUISINE, LIGUANG LIN
a/k/a LI GUANG LI a/k/a LIGUANG L LIN, JING
LIN, FEI TENG a/k/a FEI F TENG, YONG CHEN
TENG, "JOHN" CHEN, AND "JOHN" SHI,

                                   Defendants.

22-CV-4401 (JGLC)

**NOTICE OF
REASSIGNMENT**

JESSICA G. L. CLARKE, United States District Judge:

       This case has been reassigned to the undersigned. Unless and until the Court orders
otherwise, all prior orders, dates and deadlines shall remain in effect notwithstanding the case's
reassignment. **All counsel must familiarize themselves with the Court's Individual Rules and
Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke.**

       It is hereby ORDERED that no later than **September 8, 2023**, the parties shall file on
ECF a joint letter, described below, updating the Court on the status of the case. The joint letter
shall not exceed five pages, and shall provide the following information in separate paragraphs:

    1.    Names of counsel and current contact information, if different from the
          information currently reflected on the docket;

    2.    A brief statement of the nature of the case and/or the principal defenses thereto,
          and the major legal and factual issues that are most important to resolving the
          case, whether by trial, settlement or dispositive motion;

    3.    A brief explanation of why jurisdiction and venue lie in this Court. In any action
          in which subject matter jurisdiction is founded on diversity of citizenship pursuant
          to Title 28, United States Code, Section 1332, the letter must explain the basis for
          the parties' belief that diversity of citizenship exists. Where any party is a
          corporation, the letter shall state both the place of incorporation and the principal
          place of business. In cases where any party is a partnership, limited partnership,
          limited liability company, or trust, the letter shall state the citizenship of each of
          the entity's members, shareholders, partners, and/or trustees. *See, e.g.*,
          *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this
          information is lengthy, it may be included in an Appendix to the letter, not to be
          included in the page limit;

4.  A statement of all existing deadlines, due dates and/or cut-off dates;

5.  A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6.  A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7.  A statement and description of any pending appeals;

8.  A detailed statement of any discovery that has already taken place, including how many depositions each party has taken and what, if any, discovery remains that is necessary for the parties to engage in meaningful settlement negotiations;

9.  A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10.  A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

11.  An estimate of the length of trial; and

12.  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for extensions or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) to the extent applicable, the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that a conference has been adjourned, it will be held as scheduled.

Dated: July 26, 2023
      New York, New York

SO ORDERED.

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge